MEMORANDUM *
Jose Antonio Martinez-Flores appeals the sentence imposed by the district court following his guilty plea to being a deported alien found in the United States in violation of 8 U.S.C. § 1326(a). We affirm.
Martinez-Flores argues that the district court erred in determining that his 2007 conviction for felony false imprisonment, CaLPenal Code §§ 236/237, constituted a “crime of violence” under U.S.S.G. § 2L1.2(b)(l)(A). For the purposes of § 2L1.2, the term “crime of violence” means “any ... offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.” U.S.S.G. § 2L1.2, cmt. n. l(B)(iii). The requisite degree of physical force is “force capable of causing physical pain or injury to another person.” Johnson v. United States, 559 U.S. 133, 130 S.Ct. 1265, 1271, 176 L.Ed.2d 1 (2010).
As the government correctly concedes, California felony false imprisonment is not a crime of violence under the categorical approach, because it may be committed by means of “fraud” or “deceit.” Cal.Penal Code § 237. However, Martinez-Flores’s prior conviction qualifies as a crime of violence under the modified categorical approach. Martinez-Flores admitted in his guilty plea that he “unlawfully used violence to violate the personal liberty of another.” Under California law, false imprisonment by violence necessarily requires “the use of force beyond that required for simple restraint.” People v. Babich, 14 Cal.App.4th 801, 18 Cal.Rptr.2d 60, 65 (1993). Where, as here, a defendant argues that a state offense is overbroad, “he must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.” Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007). Martinez-Flores has not pointed to, nor can we find, a single California case imposing a conviction for false imprisonment by violence in the absence of “force capable of causing physical pain or injury to another person.” Johnson, 130 S.Ct. at 1271 (emphasis added). Nor has Martinez-Flores offered any cases in support of his theory that false imprisonment by violence may be effected by means of violence against property. We therefore conclude that false imprisonment by violence, Cal.Penal Code § 237, is a crime of violence for the purposes of U.S.S.G. § 2L1.2(b)(l)(A).
AFFIRMED.

 This disposition is not appropriate * for publication and is not precedent except as provided by 9th Cir. R. 36-3.